Joseph F. Hawkins, J.
The third-party defendant (Poughkeepsie Steel) moves to reargue the denial of its prior motion to vacate the judgment entered against it on default on the third-party complaint. The movant urges that, subsequent to the determination of its prior motion,'"it was able to locate its former employee who worked on the building during construction and whose affidavit is submitted; further, that the court ‘ ‘ may have overlooked certain facts ’ ’ recited in the affidavit in support by the president of Poughkeepsie Steel.
Noting the substantial presentations submitted, pro and con, it would not be amiss briefly to review the course of the litigation. The principal action was commenced in 1962 ; some six months thereafter issue was joined. The defendant and third-party plaintiff, De Groodt Brothers Construction Corp. (De Groodt), subsequently interpleaded Poughkeepsie Steel. The latter, however, neither appeared, answered nor moved in connection therewith despite several entreaties from opposing counsel that it would be well-advised to do so.
In March, 1968, this court tried the action without jury. Damages were awarded to plaintiff as against the defendant De Groodt Bros. Construction Corp., and to the latter, judgment over on its counterclaim against Poughkeepsie Steel.
The memorandum by De Groodt properly labels the instant motion as “ hybrid ”, for it does, indeed, combine an application for leave to reargue with additional supporting affidavits urging meritorias defenses. In fine, it does appear to be more renewal than reargument. In any event, there is still a less than adequate explanation for the movant’s protracted default in pleading or defending nor is it demonstrated that the court erred in deciding its prior motion.
The court, nevertheless, is disposed to grant the motion primarily so as to accord the third-party def endant its day in court. Multari v. Glalin Arms Corp. (28 A D 2d 122, 125) is noted, but that holding appears to rest upon the passive-active aspects there involved, with that defendant held ‘ ‘ passively negligent ’ ’ and, hence, entitled to indemnification from the active tortfeasor. There, however, remains the matter of protecting, pendente lite, the judgment herein. As in Hensey Props, v. Lamagna (23 A D 2d 742), the relief accorded should be conditioned upon payment by Poughkeepsie Steel to De Groodt at the office of the latter’s attorney within 10 days after service of *994 a copy of the order to be entered hereon with notice of entry, costs in the sum of $200 and, additionally, a bond to be posted in the sum of $12,000 to secure the said judgment and costs; further, the judgment is to stand as security pending the ultimate determination of the action.